# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUANE HUNT, *on behalf of himself and those similarly situated,*<br>1233 America Rd<br>Camden NJ 08104<br><br>        Plaintiff,<br><br>        v.<br><br>P & G TRADING COMPANY,<br>2 Otto Street,<br>Trenton, NJ, 08638<br><br>        and<br><br>JOHN DOES 1-10.<br><br>        Defendants. | INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT<br><br>JURY DEMAND |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Named Plaintiff Duane Hunt (hereinafter "Plaintiff"), on behalf of himself and those similarly situated (hereinafter referred to as "Collective Plaintiffs") by and through undersigned counsel, hereby complains as follows against Defendant P & G Trading Company and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.  Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA), the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (hereinafter collectively referred to as "New Jersey Wage Laws"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and similarly situated the proper overtime wages owed to them under the FLSA and the New Jersey Wage Laws. Thereafter, Defendants fired Named Plaintiff in retaliation for his complaints of same.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this jurisdictional district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 29 U.S.C. § § 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff Duane Hunt is an adult individual who resides at the address set forth in the caption.

8. "Collective Plaintiffs" refers to current and/or former employees of Defendant who worked as a driver within the last three (3) years.

9. Defendant P & G Trading Company (hereinafter "Defendant Company") is an entity with an address as set forth above.

10. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Collective Plaintiffs all commissions earned pursuant to the NJWPL.

11. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Collective Plaintiffs.

12. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14. Named Plaintiff brings this actions for violations of the FLSA as individual action and as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who performed work as drivers for Defendants at any point from three (3) years prior to the filing of the instant matter to the present who are or were subject to Defendants' unlawful pay practices and policies (the members of this putative class are referred to as "Collective Plaintiffs").

15. Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

16. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would

benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

17. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

19. Defendant Company is a seafood distributor.

20. Defendant Company is not a common carrier company.

21. From in or around December 2015 until in or around May 2019, Named Plaintiff worked for Defendant Company as a driver.

22. Named Plaintiff's duties included delivering Defendant Company's seafood products to Defendant's customers throughout New Jersey, Pennsylvania, Maryland and Delaware.

23. Named Plaintiff regularly worked for Defendants for over 40 hours, and also operated a truck weighing 10,000 pounds or less to deliver Defendants' products to its customers.

24. Defendants paid Named Plaintiff an hourly rate of $14.00.

25. Defendants pay records do not indicate any additional compensation for hours worked beyond 40 per workweek.

26. Named Plaintiff did not have the authority to hire or fire employees of Defendants.

27. Named Plaintiff did not have the authority to schedule employees of Defendants.

28. Named Plaintiff did not direct other employees of Defendant Company in their day to day activities.

29. Accordingly, Named Plaintiff is, within the meaning of the FLSA and the NJWHL, a non-exempt employee of Defendant.

30. Collective Plaintiffs duties include(ed) delivering Defendant's products to Defendant's customers.

31. Collective Plaintiffs regularly worked for Defendants for over 40 hours, and also operated a truck weighing 10,000 pounds or less to deliver Defendants' products to its customers.

32. Collective Plaintiffs did not have authority to hire or fire employees of Defendants.

33. Collective Plaintiffs did not have authority to schedule employees of Defendants.

34. Collective Plaintiffs did not direct other employees of Defendant Company in their day to day activities.

35. Accordingly, Collective Plaintiffs are, within the meaning of the FLSA and NJWHL, non-exempt employees of Defendants.

36. Defendants failed to pay Named Plaintiff and Collective Plaintiffs at a rate of 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a workweek.

37. Throughout the course of his employment, Named Plaintiff regularly complained to officers of Defendant Company regarding Defendants' failure to provide proper overtime compensation.

38. Most recently, in or around late April 2019, Named Plaintiff advised owner Michael Shivers that he believed Defendants' lack of providing proper overtime compensation constituted "illegal pay practices."

39. Named Plaintiff was a conscientious objector to Defendant's unlawful conduct.

40. On or about May 2, 2019, Defendants fired Plaintiff.

41. Defendants alleged it was firing Named Plaintiff based on an unfounded accusation from a coworker that Named Plaintiff made derogatory comments about Defendants.

42. Defendants' stated reason for its termination of Plaintiff is pretextual

43. In fact, Defendants fired Plaintiff because of his complaints regarding Defendants' failure to pay overtime.

44. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and Collective Plaintiffs have suffered damages.

## COUNT I
### Violations of the Fair Labor Standards Act (FLSA)
**(Failure to Pay Proper Overtime Compensation)**

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

47. At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

48. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

49. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

50. Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs at least 1.5 times their regular rate of pay for all hours worked in excess of forty per workweek as explained *supra*.

51. Defendants' conduct in failing to properly pay Named Plaintiff and Collective Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

52. Defendants' conduct caused Named Plaintiff and Collective Plaintiffs to suffer damages.

## COUNT II
### Violations of the New Jersey Wage and Hour Law
**(Failure to pay Overtime Compensation)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the New Jersey Wage and Hour Law.

55. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

56. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendants as "employees" within the meaning of the New Jersey Wage Laws.

57. Under the New Jersey Wage Laws, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

58. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs proper overtime compensation for all hours worked beyond 40 per workweek violated the New Jersey Wage and Hour Law.

59. Defendants' conduct in failing to properly pay Named Plaintiff and Collective Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

60. Defendants' conduct caused Named Plaintiff and Collective Plaintiffs to suffer damages.

## COUNT III
## Violations of the New Jersey Wage Payment Law
**(Failure to Pay Wages Earned)**

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs all wages earned violated the New Jersey Wage Payment Law.

63. Defendants' conduct caused Named Plaintiff and Collective Plaintiffs to suffer damages.

## COUNT IV
## Violations of the Fair Labor Standards Act
**(Retaliation)**

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. Named Plaintiff's complaints to the officers of Defendant Company regarding Defendants' failure to provide proper overtime compensation constitutes a protected activity within the meaning of the FLSA.

66. Defendant terminated Named Plaintiff because of his complaints of FLSA violations.

67. The aforementioned conduct of Defendants is in violation of the FLSA

68. Defendants' conduct caused Named Plaintiff to suffer damages.

## COUNT V
## Violation of the New Jersey Conscientious Employee Protection Act

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. Plaintiff engaged in a protected activity within the meaning of CEPA when he complained about an activity that he reasonably believed to be an unlawful violation of the law.

71. Defendants' termination of Plaintiff's employment for engaging in the aforementioned protected activity constitutes a violation of CEPA.

72. Defendants' conduct caused Named Plaintiff to suffer damages.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B. Defendants are to compensate, reimburse, and make Named Plaintiff and Collective and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

C. Named Plaintiff and Collective and Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D. Named Plaintiff and Collective and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E. Named Plaintiff and Collective and Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Manali Arora*
Manali Arora, Esq.
Travis B. Martindale-Jarvis, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: June 12, 2019